UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT JOSEPH GRILLS, JR. ,

    Plaintiff,

v.                                        Case No:   2:19-cv-460-FtM-38NPM

THE STATE OF FLORIDA, EBT
System,

    Defendant.
_____

**REPORT AND RECOMMENDATION**[1]

This matter comes before the Court on *sua sponte* review of the Court's Amended Order to Show Cause dated September 3, 2019, requiring Plaintiff to show cause why his case should not be dismissed for failing to comply with the Court's July 19, 2019 Order. (Doc. 8).   In the July 19, 2019 Order, Plaintiff was allowed until August 8, 2019 to file an Amended Complaint so that it meets the requirements of Rule 8 of the Federal Rules of Civil Procedure.   (Doc. 8).   Plaintiff has failed to comply with both the Order directing him to amend his Complaint and the Amended Order to Show Cause.   The Court warned Plaintiff that his failure to comply with the Court's Orders would result in a recommendation that the matter be dismissed.   (Doc. 10).

---

[1]  Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or websites.   These hyperlinks are provided only for users' convenience.   Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.   Likewise, the Court has no agreements with any of these third parties or their websites.   The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Courts "have inherent power to impose sanctions on parties, lawyers, or both." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006). The use of sanctions "requires a finding of bad faith after the party is afforded a due process opportunity to be heard." *Boler v. Space Gateway Support Co. LLC*, 290 F.Supp. 2d 1272, 1278 (M.D. Fla. May 29, 2003). A Court may find bad faith if a party delays litigation or fails to comply with a court order. *See In re Sunshine Jr. Stores*, 456 F.3d at 1304 (finding that a bankruptcy court properly invoked its inherent power to sanction the party when the party repeatedly failed to respond to court orders). "Upon appropriate circumstances, it is within a Court's discretion to [] dismiss a lawsuit for actions taken in bad faith." *Id*. at 1305. While drastic sanctions, like the dismissal of a plaintiff's complaint, should be a Court's final resort, this sanction is appropriate "when less drastic sanctions would not ensure compliance with the Court's orders." *Id*. at 1306.

The Court has extended Plaintiff an opportunity to comply with its directives. (Doc. 9 and 10). And, despite the Court's warning that non-compliance would result in a recommendation that his Complaint be dismissed, Plaintiff failed to comply with this Court's instructions. (*Id.*)

Accordingly, it is respectfully **RECOMMENDED**:

1. Plaintiff's Complaint (Doc. 1) be dismissed.

Respectfully recommended in Chambers in Ft. Myers, Florida on September 18, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties